IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE R. POWELL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SHISEIDO AMERICAS CORPORATION, <br><br> Defendant. | Case No. _____ <br><br> State Court Case No. 2021 L 000055 |

### NOTICE OF REMOVAL OF SHISEIDO AMERICAS CORPORATION

Defendant Shiseido Americas Corporation ("Defendant" or "Shiseido"), by and through its counsel, Blank Rome LLP, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1711, and the Local Rules of the United States District Court for the Central District of Illinois (the "Local Rules"), hereby removes this action from the Circuit Court of Vermilion County, Illinois, Law Division ("State Court"), to the United States District Court for the Central District of Illinois. In support thereof, Defendant states as follows:

### BACKGROUND

1. Defendant exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *George R. Powell v. Shiseido Americas Corporation*, Case No. 2021 L 000055.

2. 28 U.S.C. § 1441(a) provides any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the U.S. district court for the district and division embracing the place where such action is pending.

3. This is a civil action instituted in the State Court that has not been tried.

4. On October 15, 2021, Plaintiff George R. Powell ("Plaintiff" or "Powell") filed his original *Class Action Complaint* (the "Complaint") in the State Court. A true and correct copy of the available file, including the Complaint, **Exhibit A1**, and operative Proof of Service, **Exhibit A3**, is attached hereto.

5. As set forth below, the State Court Docket and Proof of Service reflect that Defendant allegedly received a copy of the Summons and Complaint on November 2, 2021; this Notice is thus timely under 28 U.S.C. §§ 1446(b) and 1453. *See* Ex. A3.

6. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), in that Plaintiff's action constitutes a class action—as defined in 28 U.S.C. § 1332(d)(1)(B)—pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

## SUBJECT MATTER JURISDICTION

### THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1453

7. CAFA, 28 U.S.C. § 1332(d), was enacted "to facilitate adjudication of certain class actions in federal court." *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Accordingly, CAFA expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant (*i.e.,* "minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. *See* 28 U.S.C. § 1332(d); *see also Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

8. As set forth below, this Court has subject matter jurisdiction pursuant to CAFA Section 1332(d)(2) because: (1) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B);

2

162539.00602/127542844v.1

(2) at least one member of the putative class is a citizen of a state different from any defendant; and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. Because all three requirements have been met, removal is appropriate.

### I. The Minimal Diversity of Citizenship Requirement is Satisfied.

9. At the time Plaintiff commenced this action against Defendant in State Court, and now at the time of removal, there was and is minimal diversity of citizenship as contemplated by Section 1332(d)(2)(A) of CAFA.

10. CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). This requirement is met here, as Defendant is a citizen of a different state than the named Plaintiff.

11. The Complaint identifies the named Plaintiff as a citizen of Illinois. Ex. A1 ¶ 1.

12. The Complaint also identifies Defendant as being incorporated in Delaware with its principal place of business in New York. *Id.* ¶ 2.

13. For purposes of diversity citizenship under 28 U.S.C. §§ 1332(a) and (d), Defendant is a citizen of a state other than the state of Illinois.

14. As a citizen of Delaware, Defendant is a citizen of a state other than the state of citizenship of at least one named Plaintiff identified in the Complaint; accordingly, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

### II. The Amount in Controversy Requirement Under CAFA is Satisfied Because the Aggregate Amount in Controversy Exceeds $5,000,000.

15. Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11).

16. The "party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties. A removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Roppo*, 849 F.3d at 579 (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) (emphasis added). "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.*

17. Here, Plaintiff's claims meet the jurisdictional threshold set forth in Section 1332(d)(6) in that, if awarded, the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

18. Where, as here, a complaint fails to plead a specific amount of damages or disclaim an amount of damages in excess of $5,000,000, the party seeking removal need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 135 S. Ct. at 554.

19. A party seeking to remove under CAFA must establish the amount in controversy by showing "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Id.* at 448-49 (citing *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

20. CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. No. 109-14, at *43, as reprinted in 2005 WL 627977 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *see also Dart*

162539.00602/127542844v.1

*Cherokee*, 135 S. Ct. at 550 ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

21. The Complaint seeks relief for purported violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"). *See* Ex. A1 ¶¶ 5-36.

22. Plaintiff specifically alleges Defendant violated BIPA via the use of Defendant's virtual try-on feature, which purportedly collected Plaintiff's (and putative class members') facial geometry scans without first: (a) obtaining written consent to use their biometrics; (b) providing written notice of Defendant's use of biometrics; and (c) making a written biometrics policy establishing a retention schedule and guidelines for permanent deletion of biometric data available, and actually adhering to that retention schedule with respect to the deletion of Plaintiff's and the putative class members' biometric data. *Id*. ¶¶ 43-64.

23. Plaintiff seeks "liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided by BIPA," *see id.* Count 1 Prayer for Relief ¶ 49; Count 2 Prayer for Relief ¶ 60. Moreover, the Complaint also seeks injunctive relief "requiring Defendant to "publicly disclose a written policy establishing any specific purpose and length of term for which consumers' biometrics have been collected, captured, stored, obtained, or used, as well as guidelines for permanently destroying such biometrics when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." *Id.* ¶ 63. Powell further seeks an order "requiring Defendant to disclose whether Defendant has retained Mr. Powell's and Class members' biometrics and if, when, and how those biometrics were destroyed" as well as "how Defendant uses Mr. Powell's and Class members' biometrics, and the identities of any third parties with which Defendant shared those

5

biometrics." *Id.* ¶¶ 53, 63-64. Lastly, the Complaint also seeks Plaintiff's attorney's fees and costs. *Id.* ¶ 65f.

24.     As a threshold matter, a removing defendant may aggregate all a plaintiff's claims to determine the total amount in controversy. *See* 28 U.S.C. § 1332(d)(6) (under CAFA, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds $5,000,000, exclusive of interest and costs).

25.     The Complaint does not disclaim an amount in controversy in excess of $5,000,000.

26.     BIPA provides for liquidated damages of $1,000 for each negligent violation. 740 ILCS 14/20(1). In addition, BIPA also provides for liquidated damages of $5,000 for each intentional or reckless violation. 740 ILCS 14/20(2).

27.     Here, Plaintiff alleges Defendant "denied" Powell and class members their "right under BIPA to be made aware of Defendant's retention and destruction policies as to their biometric identifiers. Additionally, Defendant's failure to develop the required retention and destruction policies placed [] Powell's and [c]lass members' sensitive biometric identifiers at risk of compromise or illicit use." *See* Ex. A1 ¶¶ 59. In addition, Powell alleges that "[a]ccordingly, Defendant has violated BIPA." *Id.* ¶ 49. That allegation, in conjunction with Plaintiff's Prayer for Relief under 740 ILCS 14/20(2), demonstrates that Plaintiff is seeking the greater of actual damages or $5,000 for each alleged BIPA violation.

28.     The amount of damages sought plausibly could include the combined total of the statutory damages for each member of the putative class. 28 U.S.C. § 1332(d)(6) (under CAFA, "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds . . . $5,000,000, exclusive of interest and costs"). Therefore, the total of these statutory damage amounts during the relevant period makes up the plausible damages at issue here.

162539.00602/127542844v.1

29.   Plaintiff also seeks to represent a class of "[a]ll persons whose biometric identifiers were captured by Defendant through use of the Virtual Try On tool on Defendant's websites, including bareminerals.com, narscosmetics.com, lauramercier.com, and cledepeaubeaute.com, while residing in Illinois from five years preceding the date of the filing of this action to the present." Ex. A1 ¶¶ 37.

30.   Plaintiff specifically alleges that "[b]eginning around late-February 2021," he "began to visit bareMinerals.com to search for makeup products," and that, "[o]ver the next five months, he visited the site and used the bareMinerals Virtual Try On tool approximately six times." *Id.* ¶ 31. Plaintiff does not allege he used any of the other websites mentioned in the *Complaint*.

31.   The initial investigation conducted by the undersigned indicates at least 1,000 individuals located in Illinois have used Defendant's virtual try-on feature available on the bareMinerals website between February 2021 (when the feature was first made available) and October 15, 2021 (the date the State Court Action was filed). *See* Declaration of Frank Morea in Support of Notice of Removal, attached as **Exhibit B,** ¶ 10.  Accordingly, for purposes of CAFA aggregation[1], there are at least 1,000 members of the putative class alleged by Plaintiff. Therefore, the aggregate amount of liquidated damages for all individuals in the putative class, each at $5,000 or more, exceeds $5 million.

32.   In addition, Plaintiff seeks an award of "reasonable attorneys' fees and costs incurred in this litigation." Ex. A1 Prayer for Relief ¶ 65f.

33.   Together, by joining their claims in one action, Plaintiff and her purported class have placed in controversy at least $5,000,000 in damages.

---

[1]   Defendant makes this representation with respect to CAFA removal only and does not concede the putative class size the for purposes of numerosity under Rule 23 of the Federal Rules of Civil Procedure.

34. The $5,000,000 amount in controversy threshold is thus satisfied for purposes of satisfying 28 U.S.C. § 1332(d)(6).

### III. The Court Should Not Decline to Exercise Jurisdiction Over This Action.

35. Pursuant to 28 U.S.C. § 1332(d)(3), a district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed.

36. Plaintiff cannot satisfy Section 1332(d)(3), as Plaintiff submits that all putative class members are Illinois citizens. Ex. A1 ¶ 37. It is therefore impossible for less than two-thirds of the members of the putative class to be Illinois citizens. Further, Defendant is a citizen of Delaware. *Id.* ¶ 2. This action was originally filed in the State of Illinois. *See generally id.* Thus, this Court should not decline to exercise jurisdiction based on Section 1332(d)(3).

37. Pursuant to 28 U.S.C. § 1332(d)(4), a district court shall decline to exercise jurisdiction over a class action where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed, or where:

    a. greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    b. at least one defendant is a defendant:

        i. from whom significant relief is sought by members of the plaintiff class;

        ii. whose alleged conduct forms a basis for the claims asserted by the proposed plaintiff class; and

        iii. who is a citizen of the State in which the action was originally filed; and

      c.      principal injuries resulting from the alleged conduct of each defendant were incurred in the State in which the action was originally filed; and

      d.      during the three-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

38. The factors outlined in Section 1332(d)(4) are not present here. By its terms, 28 U.S.C. § 1332(d)(4) cannot be met where no defendant is a citizen of the state where the action was originally filed. Thus, this Court should not decline to exercise jurisdiction over this action.

### PLAINTIFF HAS ALLEGED CONCRETE, MATERIAL HARMS SUFFICIENT TO ESTABLISH ARTICLE III STANDING

39. Defendant bears the burden of establishing this Court has jurisdiction. *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017) (explaining "the party seeking removal . . . bears the burden of establishing federal jurisdiction"). Article III standing is a component of the jurisdictional analysis. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, [defendant] had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal.").

40. For a defendant to establish plaintiff has Article III standing, a defendant must demonstrate plaintiff alleges an injury-in-fact that was caused by defendant and that is redressable by this Court. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) ("The 'irreducible constitutional minimum of standing' consists of three elements: injury-in-fact, causation, and redressability.").

41. For an injury to qualify as an injury-in-fact, it must be "concrete and particularized" and "actual and imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1548 (2016); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568, 595 (2021) ("No concrete harm, no standing.").

9

42. For an injury to be concrete, it "must be "'*de facto*'; that is, it must actually exist." *Id.* at 1548 (quoting BLACK'S LAW DICTIONARY 479 (9th ed. 2009)). A "bare procedural violation, divorced from any concrete harm" does not qualify as an injury-in-fact. *Id.* at 1549. However, a procedural statutory violation may constitute an injury-in-fact on its own if the legislature has elevated a *de facto* injury that was "previously inadequate in law" "to the status of [a] legally cognizable injur[y]." *Lujan*, 504 U.S. at 578. Nonetheless, a statutory violation only causes an injury that is concrete for Article III standing purposes if it presents an "'appreciable risk of harm' to the underlying concrete interest that [the legislature] sought to protect by enacting the statute." *Groscheck*, 865 F.3d at 887 (quoting *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016)).

43. Here, Plaintiff has alleged the type of "concrete" injury-in-fact that courts within the Seventh Circuit have held sufficiently conferred Article III standing in BIPA cases.[2]

44. The Seventh Circuit addressed the question of Article III standing in the context of BIPA in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020). There, the Seventh Circuit held the failure to provide notice and/or obtain consent prior to the collection of biometric information or biometric identifiers both inflict a personal privacy injury sufficient to establish the Article III "injury-in-fact" prong of the standing analysis for Section 15(b) claims. *Id.* at 626.

45. More recently, the Seventh Circuit again addressed Article III standing in the BIPA context in *Fox v. Dakkota Integrated Sys.*, 980 F.3d 1146 (7th Cir. 2020). In *Fox*, the Seventh Circuit held the failure to comply with Section 15(a)'s requirements—regarding the retention and destruction of a plaintiff's biometric identifiers or biometric information in violation of BIPA

---

[2] As before, this discussion of injury is limited to whether Plaintiff has alleged an injury-in-fact sufficient to confer Art. III jurisdiction. Defendant hereby contests that Plaintiff has suffered an "actual injury"—or is an "aggrieved party" under BIPA—and reserves the right to raise such an argument at a later date.

Section 15(a)—constitutes a cognizable injury-in-fact sufficient to confer standing for Section 15(a) claims. In so holding, the *Fox* court reasoned the improper retention of biometric identifiers or biometric information beyond the time limitations set forth in the statute inflicts a personal privacy injury in the same sense that improper collection does. *Id.* at 1155.

46. Here, as in *Bryant*, Plaintiff alleges a concrete injury-in-fact under Section 15(b). Indeed, Plaintiff claims Defendant violated Section 15(b) by failing to obtain written releases as required by Section 15(b)(3), and by failing to inform Plaintiff and the Class in writing of the information required to be disclosed under Section 15(b)(1) and (2). *See* Ex. A1 ¶ 47.

47. Similarly, as in *Fox*, Plaintiff also alleges a concrete injury-in-fact under BIPA Section 15(a). Plaintiff claims "Defendant ***currently possesses Mr. Powell's and Class members' biometrics and have not developed a BIPA-compliant policy for the retention and destruction of those biometrics***. This failure to maintain a proper policy could place Mr. Powell's and Class members' sensitive biometric identifiers at risk of compromise or illicit use on a continuing basis. It also deprives Mr. Powell's and Class members' right under BIPA to be apprised of Defendant's policy for retaining and destroying biometrics." *Id.* ¶ 61 (emphasis added); *see also* ¶ 59. Plaintiff further claims "[a]bsent injunctive relief, Defendant is likely ***to continue storing Mr. Powell's and Class Members' biometrics without implementing a retention and destruction policy*** for those biometrics that satisfies BIPA's requirements." *Id.* ¶ 62 (emphasis added). According to Plaintiff, "[t]hese violations have harmed Mr. Powell and class members." *Id.* ¶¶ 49, 60.

48. Thus, based on the allegations in the Complaint, Plaintiff has adequately alleged the existence of a "concrete" injury-in-fact sufficient to confer Article III standing in this Court as it relates to both of Plaintiff's BIPA Sections 15(a) and 15(b) claims against Defendant in this case.

## **PROCEDURAL COMPLIANCE**

49. In accordance with the requirements of 28 U.S.C. § 1446(b), a Notice of Removal should be filed within thirty (30) days after service of the Summons and Complaint on a defendant.

50. Here, the State Court Docket and Proof of Service reflect that a copy of the Summons and Complaint was served on November 2, 2021. *See* Ex. A3.

51. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court to the U.S. District Court for the Central District of Illinois, which embraces the place where the action is currently pending.

52. The U.S. District Court for the Central District of Illinois embraces the county in which the State Court action is now pending (*i.e.*, Vermilion County); thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 93(b).

53. No previous application has been made for the relief requested herein.

54. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Defendant; the *Class Action Complaint*, bearing case number 2021 L 000055, filed in the Circuit Court of Vermilion County, Illinois (*see* **Exhibit A1**, attached); and the Proof of Service (*see* **Exhibit A3**, attached).

55. Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

56. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

Respectfully submitted,

**DATED**: November 30, 2021         **BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal

One Logan Square  
130 North 18th Street  
Philadelphia, PA 19103  
Tel.: (215) 569-5553  
Fax: (215) 832-5533  
Email: jeffrey.rosenthal@blankrome.com

David J. Oberly  
(*Motion for Admission Forthcoming*)  
1700 PNC Center  
201 E. Fifth Street  
Cincinnati, Ohio 45202  
Tel.: (513) 362-8711  
Fax: (513) 362-8798  
Email: david.oberly@blankrome.com

Amanda M. Noonan  
(*Motion for Admission Forthcoming*)  
444 W. Lake Street, Suite 1650  
Chicago, IL 60606  
Tel.: (312) 776-2537  
Fax: (312) 896-9181  
Email: amanda.noonan@blankrome.com

*Attorneys for Defendant,*  
*Shiseido Americas Corporation*

13

## CERTIFICATE OF SERVICE

      I, Jeffrey N. Rosenthal, hereby certify that, on November 30, 2021, I electronically filed the foregoing Notice of Removal of Defendant Shiseido Americas Corporation with the Court via the ECF System, it is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

                                                  **BLANK ROME LLP**

                                                  *s/ Jeffrey N. Rosenthal*
                                                  Jeffrey N. Rosenthal

                                                  *Attorney for Defendant,*
                                                  *Shiseido Americas Corporation*

## EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| A | State Court File |
| A1 | Complaint |
| A2 | Summons |
| A3 | Proof of Service |
| A4 | Entry of Appearance |
| B | Declaration of Frank Morea |