E-FILED
Tuesday, 30 November, 2021  02:37:45 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

# EXHIBIT A1

EFILED
10/15/2021 11:30 AM
Melissa Quick
Clerk of the Circuit Court
Vermilion County, Illinois
TH, Deputy Clerk

# IN THE CIRCUIT COURT OF VERMILION COUNTY
## STATE OF ILLINOIS

| | |
|---|---|
| GEORGE R. POWELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | |
| *Plaintiff,* | **2021L 000055** |
| | Case No.: |
| v. | |
| SHISEIDO AMERICAS CORPORATION, | Judge: |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff George Powell brings this Class Action Complaint individually and on behalf of all other similarly situated individuals against Defendant Shiseido Americas Corporation ("Defendant") pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* Mr. Powell files suit to remedy Defendant's unlawful collection, storage, and use of Mr. Powell's and the proposed class's biometrics without their informed written consent through the Virtual Try On tool offered on Defendant's various online cosmetic websites.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff George Powell resides in Danville, Illinois.

2.      Defendant Shiseido Americas Corporation is incorporated in Delaware with its principal place of business in New York, New York.

3.      Jurisdiction is proper in this Court because Mr. Powell is a citizen of Illinois and Defendant purposefully availed itself of the laws, protections, and advantages of Illinois by conducting business in this State with consumers like Plaintiff.

4.      Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because the transactions or some part thereof out of which this cause of action arose occurred in this county.

1

## THE BIPA LEGAL FRAMEWORK

5.     The Illinois General Assembly enacted BIPA to protect the privacy rights of consumers in Illinois.

6.     In enacting BIPA, the General Assembly found that the sensitivity of biometric information and identifiers warrants heightened protection of this information when companies collect it from consumers like Mr. Powell. Specifically, the General Assembly found that "[b]iometrics are unlike other unique identifiers" like social security numbers because they are "biologically unique to the individual" and cannot be changed if compromised. 740 ILCS 14/5(c). Thus, an individual whose biometrics are compromised "has no recourse" and "is at heightened risk for identify theft." *Id.* Moreover, said the General Assembly, "[t]he full ramifications of biometric technology are not fully known." *Id.* § 14/5(e). Therefore, "[t]he public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." *Id.* § 14/5(f).

7.     BIPA defines "biometric identifiers" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." *Id.* § 14/10.

8.     "Biometric information" is identified as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers. *Id.*

9.     Accordingly, BIPA requires "private entities" like corporations that collect certain biometric identifiers or biometric information to take a number of specific steps to safeguard consumers' data; inform consumers of the entities' uses, retention of, and destruction of their biometrics; and obtain informed consent before collecting such data.

10.     With respect to safeguarding biometrics, BIPA requires that private entities in possession of

biometric identifiers or biometric information must:

> [D]evelop a written policy, made available to the public, establishing a retention
> schedule and guidelines for permanently destroying biometric identifiers and biometric
> information when the initial purpose for collecting or obtaining such identifiers or
> information has been satisfied or within 3 years of the individual's last interaction with
> the private entity, whichever occurs first. Absent a valid warrant or subpoena issued
> by a court of competent jurisdiction, a private entity in possession of biometric
> identifiers or biometric information must comply with its established retention
> schedule and destruction guidelines.

*Id.* § 14/15(a).

11.     Further, BIPA requires that any private entity in possession of biometric identifiers or

biometric information must safeguard such data "using the reasonable standard of care within the

private entity's industry" and must "store, transmit, and protect from disclosure all biometric

identifiers and biometric information in a manner that is the same as or more protective than the

manner in which the private entity stores, transmits, and protects other confidential and sensitive

information." *Id.* § 14/15(e).

12.     With respect to informed consent, BIPA provides:

> No private entity may collect, capture, purchase, receive through trade, or otherwise
> obtain a person's or a customer's biometric identifier or biometric information, unless
> it first
>
> (1) informs the subject or the subject's legally authorized representative in writing that
> a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of
> the specific purpose and length of term for which a biometric identifier or biometric
> information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or
> biometric information or the subject's legally authorized representative.

*Id.* § 14/15(6).

13.     Further, BIPA provides: "No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." *Id.* § 14/l1(c).

14.     Under BIPA, a private entity is prohibited from disclosing, redisclosing, or otherwise disseminating a consumer's biometric identifier or biometric information unless the consumer has consented to the disclosure or redisclosure. *Id.* § 14/15(d).

15.     BIPA provides for statutory damages, injunctive relief, reasonable attorney's fees and costs, and other relief "as the State or federal court may deem appropriate" when a private entity violates a consumer's rights under the statute. *Id.* § 14/20. Where a violation is the result of negligence, BIPA provides for the greater of actual damages or $1,000 in liquidated damages per violation, and if the violation was intentional or reckless, the greater of actual damages and liquidated damages of $5,000 per violation. *Id.*

## DEFENDANT COLLECTS BIOMETRICS THROUGH THE VIRTUAL TRY ON TOOL

16.     Defendant is a global beauty company that markets a wide range of color cosmetics, fragrance, and skincare products for a large portfolio of prestige beauty brands, including Shiseido, Nars, Laura Mercier, Buxom, Tory Burch, Drunk Elephant, Clé de Peau Beauté, bareMinerals, Issey Miyake, Narciso Rodriguez, and Dolce & Gabbana.

17.     Defendant sells makeup products through various websites. On many of these websites, including bareminerals.com, narscosmetics.com/, lauramercier.com/, and cledepeaubeaute.com/, Defendant offers a tool called Virtual Try On to consumers who visit the site.

18.     When consumers view a makeup product for which the Virtual Try On tool is available, Defendant invites them to access the Virtual Try On tool by presenting a "Try On," "Try It On," or "Try Now" button that appears below the photo of the product being viewed.

4





5

19.    Consumers may also access the Virtual Try On tool through a separate page that lists all the products for which the Virtual Try On tool is available.



20.    When consumers click the "Try On," "Try It On," or "Try Now" button, they are taken to the Virtual Try On page. There, they can use their web or phone cameras to display a real-time photograph of themselves or, on some sites, upload a photo previously saved to their device.

21.     On some sites, the Virtual Try On tool activates consumers' webcams automatically, so that their real-time image appears as soon as they click the aforementioned "Try On" button. Once the webcam is on, users may then click an icon that allows them to take a photo using their web or phone camera.



22.    Once an image is displayed, the Virtual Try On tool automatically overlays the chosen makeup product on the user's face. From there, consumers can download or email the photo showing the makeup product applied to their face. Users may manipulate the photo in several ways, such as zooming in or out or "splitting" the image to show their face before and after the product is applied.



23.    The Virtual Try On tool on Defendant's websites is powered by an application called "YouCam Makeup." This application operates by capturing the facial geometry of users' photos, regardless of whether the photo is taken by web or phone camera while using the Virtual Try On tool, uploaded to the tool, or captured via a live web or phone camera feed. These facial-geometry scans are used to identify the shape and features of the user's face in order to accurately overlay the virtual makeup product onto the image provided. According to the developer of YouCam Makeup, the application uses "proprietary AgileFace® technology to deliver ultra-accurate face tracking" and "precise makeup product application that stays in the correct position with head movements, allowing them to examine the look and see the tutorials form multiple angles."[1]

---

[1] Perfect Corp., *YouCam Tutorial*, https://www.perfectcorp.com/business/products/youcam-tutorial (last visited Sept. 25, 2021).

24.     According to one article, the YouCam Makeup application "uses 100 points of tracking on the face for facial recognition and skin-tone matching. Its technology can recognize the role of lighting and recommend products for users' specific skin types and concerns."[2] The photo below, taken from the YouCam Makeup developer's website, illustrates the facial-geometry patterns that power the application.



**Hyper-realistic virtual makeovers powered by patented AgileFace® Tracking technology, creating an unparalleled beauty experience**

25.     The developer of the YouCam Makeup application markets its product at least in part on its ability to capture, store, and use users' biometrics to market products to them. According to the developer's Vice President of Marketing, "in the near future, consumers will be able to walk into a store, and the in-store technology will be able to identify and recommend products they've tried on virtually before."[3]

26.     Defendant does not inform consumers who use the Virtual Try On tool in writing that it is capturing or collecting facial geometry or the specific purpose and length of term for which it is collecting, storing, or using such data, which is a biometric identifier specifically protected by BIPA. Nor does Defendant obtain consumers' informed written consent before capturing or collecting such data.

---

[2] Leah Prinzivalli, *How YouCam Makeup is building a beauty AR empire*, Glossy (Jul. 5, 2018), https://www.glossy.co/new-face-of-beauty/how-youcam-makeup-is-building-a-beauty-ar-empire/.
[3] *Id.*

27.    Defendant also does not make publicly available a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers or biometric information obtained from consumers, as required by BIPA.

28.    Upon information and belief, Defendant has not developed a written policy establishing retention schedules and guidelines for permanently destroying consumers' biometrics and does not destroy such data within the timeframes established by BIPA.

## PLAINTIFF-SPECIFIC ALLEGATIONS

29.    Mr. Powell is a lifelong resident of Illinois.

30.    He is an accomplished entertainer who regularly performs in drag shows. His on-stage appearance is an important component of his performance, so he frequently shops online and in stores for the best makeup brands and combinations.

31.    Beginning around late-February 2021, Mr. Powell began to visit bareMinerals.com to search for makeup products. Over the next five months, he visited the site and used the bareMinerals Virtual Try On tool approximately six times.

32.    Each time he used the bareMinerals Virtual Try On tool, Defendant captured and collected his facial geometry.

33.    Upon information and belief, Defendant also stored his facial geometry thereafter.

34.    Defendant did not inform Mr. Powell in writing that it was capturing, collecting, storing, or using scans of his facial geometry; did not inform him in writing of the specific purpose and length of time for which his facial geometry was being collected, stored, or used; and did not obtain a written release from Mr. Powell authorizing Defendant to collect, store, or use his facial geometry.

35.    Mr. Powell has never been informed of the specific purposes or length of time for which Defendant collected, stored, or used his facial geometry; any biometric data retention policy

11

developed by Defendant; or whether Defendant will ever permanently delete his biometrics. Defendant has not made any of this information available to the public.

36.     Mr. Powell does not know whether Defendant has destroyed—or will destroy—the biometrics collected from him.

### CLASS ALLEGATIONS

37.     Mr. Powell brings this action on behalf of himself and, pursuant to 735 ILCS 5/2-801, on behalf of a class of similarly situated individuals (hereinafter "the Class") defined as follows:

> All persons whose biometric identifiers were captured by Defendant through use of the Virtual Try On tool on Defendant's websites, including bareminerals.com, narscosmetics.com, lauramercier.com, and cledepeaubeaute.com, while residing in Illinois from five years preceding the date of the filing of this action to the present.

38.     Excluded from the class are Defendant's officers and directors, Plaintiff's counsel, and any member of the judiciary presiding over this action.

39.     Numerosity: Upon information and belief, there are more than forty class members, and individual joinder in this case is impracticable.

40.     Commonality and predominance: Multiple questions of law and fact are common to the class and predominate over any individualized questions. Common questions include, but are not limited to, whether Defendant has a practice of capturing, collecting, storing, or distributing consumer biometrics obtained through consumers' use of the Virtual Try On tool on Defendant's websites; whether Defendant has developed and made publicly available a written policy establishing a retention schedule and guidelines for destroying consumer biometrics; whether Defendant obtained an executed written release from consumers whose faces were scanned using the Virtual Try On tool on Defendant's websites before capturing their biometrics; whether Defendant's practices violate BIPA; and whether Defendant's conduct was willful, reckless, or negligent.

12

41.    Adequacy of Representation: Mr. Powell will fairly and adequately represent and protect the interests of all Class members. He has retained counsel with significant experience and achievements in complex class action litigation, he has no interests that are antagonistic to those of any Class members, and Defendant has no unique defenses unique to Mr. Powell.

42.    Appropriateness: A class action is an appropriate method for the fair and efficient adjudication of the controversy because it will resolve multiple issues common to the Class in a single stroke. Moreover, a class action would reduce the time and expense of litigation and promote judicial economy by jointly resolving a large number of individual claims that would otherwise be litigated separately in duplicative proceedings.

## COUNT 1
### VIOLATION OF 740 ILCS 14/15(b)
**Failure to Inform in Writing and Obtain Written Release from Consumers Prior to Capturing, Collecting, or Storing Biometric Identifiers**
**Damages and Injunctive Relief**
***Alleged on Behalf of Mr. Powell Individually and on Behalf of the Class***

43.    Mr. Powell re-alleges and incorporates the allegations in the preceding paragraphs.

44.    The bareMinerals.com Virtual Try On tool operates by capturing the facial geometry of consumers like Mr. Powell and Class members.

45.    Facial geometry is a biometric identifier protected by BIPA.

46.    BIPA prohibits private entities like Defendant from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining consumers' biometric identifiers or biometric information without first informing them in writing of such activities; informing them in writing of the specific purpose and length of term for which biometric identifiers or biometric information are being collected, stored, and used; and obtaining a written release executed by consumers whose biometric identifiers or biometric information is being collected.

13

47.     Defendant did not provide any of these required written disclosures or obtain the required written release from Mr. Powell or Class members prior to collecting, storing, or using their facial geometry data obtained through use of the bareMinerals.com Virtual Try On tool.

48.     As a result, Defendant has invaded the privacy of Mr. Powell and Class members and unlawfully collected, used, and benefitted from their biometric identifiers while failing to provide them with the lawfully required notice of such collection and use.

49.     Accordingly, Defendant has violated BIPA. These violations have harmed Mr. Powell and Class members; accordingly, Mr. Powell and Class members are entitled to liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided for by BIPA.

50.     Moreover, an injunction is warranted pursuant to 740 ILCS 14/20(4). Upon information and belief, Defendant currently possesses Mr. Powell's and Class members' biometrics and may be using or distributing them to third parties without Mr. Powell's or Class members' permission. Such a violation of privacy constitutes irreparable harm for which there is no adequate remedy at law.

51.     Absent injunctive relief, Defendant is likely to continue storing Mr. Powell's and Class members' biometrics.

52.     Accordingly, Mr. Powell seeks an order requiring Defendant to obtain a written release from any individual prior to the capture, collection, or storage of that individual's biometric identifiers or biometric information.

53.     Further, Mr. Powell seeks an order requiring Defendant to disclose whether Defendant has retained Mr. Powell's and Class members' biometrics, how Defendant uses Mr. Powell's and Class members' biometrics, and the identities of any third parties with which Defendant shared those biometrics.

14

**COUNT 2**
**VIOLATION OF 740 ILCS 14/15(a)**
**Failure to Develop and Make Publicly Available a Written Policy for Retention and**
**Destruction of Biometric Identifiers**
**Damages and Injunctive Relief**
*Alleged on Behalf of Mr. Powell Individually and on Behalf of the Class*

54.     Mr. Powell re-alleges and incorporates the allegations in the paragraphs above.

55.     The bareMinerals.com Virtual Try On tool operates by capturing the facial geometry

of consumers like Mr. Powell and Class members.

56.     Facial geometry is a biometric identifier protected by BIPA.

57.     BIPA requires private entities, like Defendant, in possession of biometric identifiers

or biometric information to develop a written policy, made available to the public, establishing a

retention schedule and guidelines for permanently destroying biometric identifiers and biometric

information when the initial purpose for collecting or obtaining such identifiers or information has

been satisfied or within 3 years of the individual's last interaction with the private entity, whichever

occurs first.

58.     Upon information and belief, Defendant did not develop or possess such a written

policy at any time during its collection, storage, and use of Mr. Powell's and Class members' facial

geometry data obtained through use of the Virtual Try On tool on Defendant's various websites,

including bareminerals.com.

59.     As a result, Defendant denied Mr. Powell and Class members their right under BIPA

to be made aware of Defendant's retention and destruction policies as to their biometric identifiers.

Additionally, Defendant's failure to develop the required retention and destruction policies placed Mr.

Powell's and Class members' sensitive biometric identifiers at risk of compromise or illicit use.

60.     Accordingly, Defendant has violated BIPA. These violations have harmed Mr. Powell

and Class members; accordingly, Mr. Powell and Class members are entitled to liquidated damages of

15

$1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided for by BIPA.

61.     Moreover, an injunction is warranted pursuant to 740 ILCS 14/20(4). Upon information and belief, Defendant currently possesses Mr. Powell's and Class members' biometrics and have not developed a BIPA-compliant policy for the retention and destruction of those biometrics. This failure to maintain a proper policy could place Mr. Powell's and Class members' sensitive biometric identifiers at risk of compromise or illicit use on a continuing basis. It also deprives Mr. Powell's and Class members' right under BIPA to be apprised of Defendant's policy for retaining and destroying biometrics.

62.     Absent injunctive relief, Defendant is likely to continue storing Mr. Powell's and Class members' biometrics without implementing a retention and destruction policy for those biometrics that satisfies BIPA's requirements.

63.     Accordingly, Mr. Powell seeks an order requiring Defendant to publicly disclose a written policy establishing any specific purpose and length of term for which consumers' biometrics have been collected, captured, stored, obtained, or used, as well as guidelines for permanently destroying such biometrics when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

64.     Mr. Powell further seeks an order requiring Defendant to disclose whether Defendant has retained Mr. Powell's and Class members' biometrics and if, when, and how those biometrics were destroyed.

## PRAYER FOR RELIEF

65.     Therefore, Mr. Powell, individually and on behalf of the Class, requests an order granting the following relief:

16

a.  Finding that this action satisfies the requirements for maintenance as a class action as set forth in 735 ILCS 5/2-801, et seq. and certifying the class defined herein;

b.  Appointing Mr. Powell as representative of the Class and the undersigned counsel as class counsel;

c.  Entering judgment in favor of Mr. Powell and the Class against Defendant;

d.  Awarding Mr. Powell and the Class liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater, for: each violation of BIPA;

e.  Issuing an injunction ordering Defendant to comply with BIPA going forward and disclose to Mr. Powell and Class members whether Defendant possesses their biometrics, Defendant's uses of their biometrics; and Defendant's retention and destruction policies regarding their biometrics;

f.  Awarding reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as provided for in 740 ILCS 14/20; and

g.  Granting further relief as the Court deems appropriate.


Respectfully submitted,

Dated: October 15, 2021

By: */s/ Amy E. Keller*
Adam J. Levitt
alevitt@dicellolevitt.com
Amy E. Keller
akeller@dicellolevitt.com
James Ulwick
julwick@dicellolevitt.com
Sharon Cruz
scruz@dicellolevitt.com
DiCELLO LEVITT GUTZLER LLC
Firm No. 61428
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900

17

Hassan A. Zavareei *(application for admission forthcoming)*
hzavareei@tzlegal.com
Glenn E. Chappell *(application for admission forthcoming)*
gchappell@tzlegal.com
Allison W. Parr *(application for admission forthcoming)*
aparr@tzlegal.com
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, DC 20036
Tel. (202) 973-0900
Fax (202) 973-0950

*Counsel for the Plaintiff and the Putative Class*

18

# EXHIBIT A2

*CSL*

## CIRCUIT COURT OF ILLINOIS
### Fifth Judicial Circuit
### Vermilion County, Illinois

GEORGE R. POWELL, INDIVIDUALLY AND ON
BEHALF OF ALL OTHER SIMILARLY SITUATED,

Petitioner(s)

vs.

SHISEIDO AMERICAS CORPORATION,

Respondent(s)

Case No: **2021L 000055**

SHISEIDO AMERICAS CORPORATION
C/O CORPORATION SERVICE COMPANY
Address: _251 LITTLE FALLS DRIVE_
City/State/Zip: _WILMINGTON, DE 19808_

## SUMMONS
### (30 Days)

To the Respondent:

You are summoned and required to file a written answer or other pleading at the Vermilion County Courthouse in the office of the Clerk of the Circuit Court, 7 N Vermilion St, Danville, Illinois, within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**Attention:** E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp

To the Officer:

This Summons must be returned by the Officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed.

This Summons may not be served later than 30 days after its date.

(Seal of Court)

October 26th _____, 20_21_

by: _Angela M. Burnfield_
Clerk of the Circuit Court

Name and Address of Petitioner's
Attorney or Petitioner (if not represented
by an attorney):
Name: ____AMY KELLER_____
Attorney for: _DICELLO LEVITT GUTZLER_
Address: TEN NORTH DEARBORN STREET SIXTH FLOOR
City/State/Zip: CHICAGO, ILLINOIS 60602
Telephone: ___312-214-7900_____

NOTE: The filing of an appearance or answer with the Clerk of the Circuit Court requires a statutory filing fee payable at the time of filing.

Date of Service: _____, 20____.
(To be inserted by Officer on copy left with Respondent or other person)

**Melissa Quick**
**Clerk of the Fifth Judicial Circuit Court**
**7 N Vermilion**
**Danville, IL 61832**

# EXHIBIT A3

| **From:** | sop <sop@cscinfo.com> |
|---|---|
| **Sent:** | Thursday, November 4, 2021 12:49 PM |
| **To:** | Alexander, Jason |
| **Subject:** | Notice of Service of Process - Transmittal Number: 24019691 |

**EXTERNAL EMAIL – Exercise caution.**



## NOTICE OF SERVICE OF PROCESS

## Transmittal Number: **24019691**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Shiseido Americas Corporation |
| **Entity I.D. Number:** | 0149034 |
| **Entity Served:** | Shiseido Americas Corporation |
| **Title of Action:** | George R. Powell vs. Shiseido Americas Corporation |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Vermilion County Circuit Court, Illinois |
| **Case/Reference No:** | 2021L 000055 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/02/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
DiCello Levitt Gutzler LLC
312-214-7900

**Primary Contact:**
Maureen Murray
Shiseido Group USA

**Electronic copy provided to:**
Gary Mozer
Jason Alexander

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882 | sop@cscglobal.com**

# EXHIBIT A4

EFILED
11/12/2021 12:00 AM
Melissa Quick
Clerk of the Circuit Court
Vermilion County, Illinois
AB, Deputy Clerk

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

**STATE OF ILLINOIS,**
**CIRCUIT COURT**

Vermilion ▼ **COUNTY**

**APPEARANCE**

*For Court Use Only*

**Instructions ▼**

Directly above, enter the name of the county where the case was filed.

Enter the name of the person or company that filed this case as Plaintiff/Petitioner.

Enter the name of the Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk.

George R. Powell

**Plaintiff / Petitioner** *(First, middle, last name or Company)*

v.

Shiseido Americas Corporation

**Defendant / Respondent** *(First, middle, last name)*

2021 L 000055

**Case Number**

In **1**, enter your full name, and check the box next to "Myself," if you are not an attorney. If you are an attorney, enter the name of your client in **1**, check the box next to "Their attorney," and enter your attorney or firm name in the

In **2**, check only one box to ask for a trial with only a judge or a trial with a judge and jury. You do not have a right to a jury trial in every case.

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

Enter your complete address, telephone number, and email address, if you have one.

If you are an attorney, enter your firm name and attorney number.

1. The appearance of  Shiseido Americas Corporation  **is entered in this case by:**
         *First        Middle        Last*

   ☐ Myself
   ☑ Their attorney:  Amanda Noonan, Blank Rome, LLP
         *Attorney or Firm Name*

2. I would like a trial with:
   ☑ a judge
   ☐ a judge and jury

**I certify that everything above is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS5/1-109.**

/s/ Amanda M. Noonan
*Your Signature*

444 W. Lake Street, Chicago IL
*Street Address*

Amanda M. Noonan
*Your Name*

Chicago, IL 60606
*City, State, ZIP*

(312) 776-2537
*Telephone*

Amanda.Noonan@BlankRome.com
*Email*

Blank Rome LLP
*Firm Name*

6330210
*Attorney # (if any)*

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

Enter the Case Number given by the Circuit Clerk: 2021 L 000055

## PROOF OF DELIVERY

**1.** I am sending the *Appearance*

<table>
<tr><td rowspan="4" valign="top" style="font-size:small">In **1a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.</td></tr>
</table>

a. To:

Name:  Dicello Levitt Gutzler
  *First*                    *Middle*                      *Last*

Address:  Ten North Dearborn Street        Chicago        IL    60602
  *Street, Apt #*                       *City*              *State*   *ZIP*

Email address:  alevitt@dicellolevitt.com; akeller@dicellolevitt.com

In **1b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options.

In **c**, fill in the date and time that you are sending the document.

b. By:

☐  An approved electronic filing service provider (EFSP)
☐  Email *(not through an EFSP)*
*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*
☐  Personal hand delivery to:
    ☐  The party
    ☐  The party's family member who is 13 or older, at the party's residence
    ☐  The party's lawyer
    ☐  The party's lawyer's office
☐  Mail or third-party carrier

c. On:  11/11/2021 _____ at: _____ ☐ a.m. ☐ p.m.
  *Date*                                *Time*

**2.** I am sending the *Appearance*

In **2**, if you are sending the document to more than 1 party or lawyer, fill in **a**, **b**, and **c**. Otherwise leave **2** blank.

In **2a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.

a. To:

Name:  Tycko & Zavareei LLP
  *First*                    *Middle*                      *Last*

Address:  1828 L Street NW, Suite 1000        Washington   D.C.    20036
  *Street, Apt #*                       *City*              *State*   *ZIP*

Email address:  hzavareei@tzlegal.com; gchappell@tzlegal.com;

In **2b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options.

In **c**, fill in the date and time that you are sending the document.

b. By:

☐  An approved electronic filing service provider (EFSP)
☑  Email *(not through an EFSP)*
*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*
☐  Personal hand delivery to:
    ☐  The party
    ☐  The party's family member who is 13 or older, at the party's residence
    ☐  The party's lawyer
    ☐  The party's lawyer's office
☐  Mail or third-party carrier

c. On:  11/11/2021 _____ at: _____ ☐ a.m. ☐ p.m.
  *Date*                                *Time*

Enter the Case Number given by the Circuit Clerk: 2021 L 000055

If you are sending your document to more than 2 parties or lawyers, check the box and file the *Additional Proof of Delivery* with this form.

☑ I have completed an *Additional Proof of Delivery* form.

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**I certify that everything in the *Proof of Delivery* is true and correct. I understand that a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.**

/s/ Amanda M. Noonan
*Your Signature*

444 W. Lake Street, Chicago IL
*Street Address*

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

Amanda M. Noonan
*Print Your Name*

Chicago, IL 60606
*City, State, ZIP*

Enter your complete address, telephone number, and email address, if you have one.

(312) 776-2537
*Telephone*

Amanda.Noonan@blankrome.com
*Email*

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.