IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE R. POWELL, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 2:21-cv-02295-CSB-EIL |
| vs. | Judge Colin S. Bruce |
| SHISEIDO AMERICAS CORPORATION, | |
| Defendant. | |

**DEFENDANT SHISEIDO AMERICAS CORPORATION'S REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff George Powell ("Plaintiff") has not and cannot "plausibly" allege Defendant Shiseido Americas Corporation ("Shiseido") violated Sections 15(a)-(b) of the Illinois Biometric Information Privacy Act ("BIPA") regarding his use of the virtual try-on feature (the "VTO Feature") available to visitors of the bareMinerals website to digitally try on cosmetics online. *See* Compl., ECF 1-1, ¶¶ 17, 22. None of the arguments in Plaintiff's *Response*, ECF No. 11, alter this conclusion. Plaintiff's bold contention that he has stated plausible BIPA claims through the "detailed allegations in the Complaint" lacks merit. Resp. at 7. These so-called "detailed allegations" simply mirror BIPA's statutory text and repeat cursory legal conclusions this Court should not accept. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("abstract recitations of the elements of a cause of action or conclusory legal statements" are insufficient to survive 12(b)(6)) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Heard v. Becton, Dickson & Co.*, 440 F. Supp. 3d 960, 964 (N.D. Ill. 2020) ("*Heard I*").

Plaintiff must do more than "merely parrot the statutory language of the claims that [he is] pleading (something that anyone could do, regardless of what may be prompting the lawsuit)." *Brooks*, 578 F.3d at 581. Instead, he must "provid[e] some specific facts to ground those legal

claims." *Id.* He has failed to do so here. Because the *Complaint* does not "give enough details . . . to present a story that holds together," it should be dismissed with prejudice. *Catinella v. County of Cook, Ill.*, 881 F.3d 514, 517 (7th Cir. 2018) (internal quotation marks, citation omitted).

I.  **PLAINTIFF FAILS TO IDENTIFY ANY FACTUAL ALLEGATIONS PLAUSIBLY ESTABLISHING SHISEIDO VIOLATED SECTION 15(b).**

<u>First</u>, Plaintiff claims the attack on his Section 15(b) claim misses the mark by focusing on Paragraph 32 of the *Complaint*. Resp. at 7. That paragraph states: "Each time he used the bareMinerals Virtual Try On tool, Defendant captured and collected his facial geometry." Compl. ¶ 32. Plaintiff suggests Shiseido improperly "ignores the vast majority of [his] allegations, where he explains the steps Shiseido requires all consumers . . . go through in order to use Shiseido's [VTO] tool, and explains how Shiseido's [VTO] tool works, including by '*captur[ing], stor[ing], and us[ing] users' biometrics to market products to them*,' here by *using facial geometry scans of consumers' faces*[.]" *Id.* (citing Compl. ¶¶ 17-22, 23-25) (internal citations omitted).

But it is Plaintiff who has missed the mark. The "vast majority" of these "other" allegations are conclusory and speculative. They pertain exclusively to: (1) steps users go through to use the VTO Feature; and (2) how the VTO technology works. Absent is any discussion of how ***Shiseido*** purportedly collected Plaintiff's biometric data. And while Plaintiff tries to explain how the technology works, he does ***not*** explain how said technology ***collected*** anyone's biometric data.

At most, Plaintiff offers only a fleeting reference to Shiseido's purported "captur[e], stor[age], and us[e]" of users' biometric data. Resp. at 7. But this allegation does nothing to further Plaintiff's cause. If anything, it highlights how Plaintiff "merely parrot[s] BIPA's statutory language" without offering any factual support. *Heard I*, 440 F. Supp. 3d at 966; *Jacobs v. Hanwha Techwin Am., Inc.*, 2021 WL 3172967, at *3 (N.D. Ill. July 27, 2021); *see also Brooks*, 578 F.3d at 581 (plaintiffs must provide "some specific facts to ground [their] legal claims"); *Iqbal*, 556

2

U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (cleaned up).

**Second**, Plaintiff again fails to allege "***how, when, or any other factual detail***" as to Shiseido's purported ***actual collection*** of biometric data, or any ***active step*** on the part of Shiseido.

"For Section 15(b)'s requirements to apply, ***an entity must, at a minimum, take an active step*** to collect, capture, purchase, or otherwise obtain biometric data." *Jacobs*, 2021 WL 3172967, at \*2 (emphasis added); *Heard I*, 440 F. Supp. 3d at 966. A plaintiff must also allege the "how" and "when" of the alleged biometric data collection to avoid dismissal. *Jacobs*, 2021 WL 3172967, at \*3 (dismissal proper where plaintiff did not sufficiently plead defendant took any ***active steps*** to collect biometric data, and plaintiff "repeatedly allege[d] [defendant] 'collected' his biometric data ***without alleging how, when, or any other factual detail***.") (emphasis added); *Heard I*, 440 F. Supp. 3d at 966 (dismissal proper where plaintiff "repeatedly allege[d] [defendant] 'collected' his biometric data ***without alleging how, when, or any other factual detail***.") (emphasis added).

Taken together, Plaintiff's *Complaint* must, but does not: (1) contain claims Shiseido, at a minimum, took an "active step" toward collecting his biometric data; and (2) set forth the "how" and "when" of collection. Plaintiff lacks support on both issues and his arguments are ineffective.

The *Response* contends Plaintiff sufficiently alleged the "how" of Shiseido's biometric data collection because his *Complaint* discusses "how the technology works." Resp. at 8. Missing from this discussion, however, are any allegations as to how ***Shiseido*** was in any way involved.

This discussion of "technology" is devoid of any details indicating Shiseido took an ***active step*** in the ***collection*** of biometric data through the VTO Feature allegedly "offered"[1] on the

---

[1] Plaintiff alleges Shiseido "offers a tool called [VTO] to consumers who visit the [bareMinerals] website." Compl. ¶ 17. Critically, the mere passive offering of a VTO tool does not equate to—but, instead, falls short of—any affirmative action by Shiseido constituting active step in collecting biometric data.

3

162539.00602/128144266v.1

website. *Id.* Plaintiff offers nothing to support the massive leap from how the VTO technology "works," to the conclusion Shiseido had an active step in biometric data collection.

Third, Plaintiff claims "there [is no] question that Shiseido actively collected the biometric data" based on his allegations "Shiseido offered the [VTO] tool on its website, that consumers were required[2] to give Shiseido access to their images on their webcams or phones to use the [VTO] tool; and that Shiseido uses it and the facial geometry it captures to market its products to consumers[.]" Resp. at 8-9. This is nothing more than a textbook example of conclusory allegations that "stop short of the line between possibility and plausibility of entitlement to relief," and are not entitled to the presumption of truth on a motion to dismiss. *Iqbal*, 556 U.S. at 677-78; *see also* 740 ILCS 14/10 (defining "biometric identifier" to include a "scan of facial geometry"); *Brooks*, 578 F.3d at 581 ("courts should not accept . . . abstract recitations of the elements of a cause of action or conclusory legal statements."). The failure to allege Shiseido took an active step in collection is fatal. *Cothron v. White Castle System, Inc.*, 477 F. Supp. 3d 723, 732 (N.D. Ill. 2020) (observing "[t]here is no violation of Section 15(b) ***without collection***" and Section 15(b) is only violated where the actual collection of biometric data occurs) (emphasis added).

Finally, Plaintiff's attempt to negate *Jacobs, Heard I, Namuwonge,* and *Bernal* lacks merit. Resp. at 9-10. Plaintiff contends these cases are inapposite because they involved claims against technology manufacturers, not companies "like Shiseido." *Id.* at 9. This is a distinction without a difference; none of those decisions turned on this issue. And both *Heard I* and *Namuwonge*

---

[2] This is a gross mischaracterization of the underlying facts, as neither Plaintiff nor any other visitor to the bareMinerals website were ***required*** to submit their personal data to Shiseido in a manner anywhere close to the equivalent of the plaintiff employees in *Naughton*, who were required to submit their biometric data to their employer "as a condition of employment," 2022 WL 19324, at *3; in this case, Plaintiff simply could have avoided the submission of any of his personal data simply by choosing not to use the VTO Feature. Moreover, as Plaintiff himself concedes, the VTO Feature was "***offered***" on the bareMinerals site and was available to users who wished to ***voluntarily*** use the tool to virtually try-on cosmetics products. Compl. ¶ 17.

specifically *declined* to address how defendants' status as third-party vendors impacted the Section 15(b) analysis (if at all). *Heard I*, 440 F. Supp. 3d at 968; *Namuwonge*, 418 F. Supp. 3d at 286. In any case, Plaintiff does not explain how or why this distinction is relevant. If anything, these cases further reveal how courts have required factual allegations to establish an *active step* by a BIPA defendant for a Section 15(b) claim to proceed. In both *Figueroa v. Kronos, Inc.*, 454 F. Supp. 3d 772, 784-85 (N.D. Ill. 2020), and *Neals v. PAR Tech Corp.*, 419 F. Supp. 3d 1088, 1092 (N.D. Ill. 2019), for example, the Section 15(b) claims only survived because the factual allegations showed defendants themselves collected, or obtained and processed biometric data. No such allegations appear here. Merely describing what the technology does, as opposed to what "role" the defendant played, is patently insufficient. *Bernal v. ADP, LLC*, 2019 WL 5028609, at *2 (Ill. Cir. Ct. Aug. 23, 2019) ("Plaintiff's Complaint must include factual allegations of what Defendant's role relative to Plaintiff's biometric information is. Most of Plaintiff's claims that are relevant to § 15(b) are aimed at what the technology . . . allegedly does. In so far that Plaintiff's claims allege particular action on Defendant's part, the allegations are conclusive in nature. Therefore, Defendant's motion to dismiss, as to the portion of Count I alleging a violation of § 15(b) of BIPA is GRANTED."). Because this case is like *Jacobs*, *Heard I*, *Namuwonge*, and *Bernal*, and unlike *Neals* and *Figueroa*—in that *Complaint* fails to allege facts sufficient to properly assess Shiseido's actual role relative to the VTO Feature—dismissal is proper.

    A.    ***Naughton v. Amazon.com, Inc.*, Does Not Help Plaintiff Avoid Dismissal.**

Plaintiff's reliance on *Naughton v. Amazon.com, Inc.*, 2022 WL 19324 (N.D. Ill. Jan. 3, 2022), is misplaced. Resp. at 9. *Naughton* explained its decision to permit plaintiff's claim where:

> [T]he first amended complaint here asserts that Amazon *collects the data for its own use*. The allegations also state that Amazon has *imposed this requirement* on warehouse workers like Plaintiff *as a condition of their employment*. By asserting that Amazon itself implemented the facial scans

5

and *required workers* to submit to those scans *as a condition of their work*, Naughton plausibly alleges that Amazon took an '*active step*' in collecting his biometric data. *See, e.g., King v. PeopleNet Corp.*, No. 21 CV 2774, 2021 WL 5006692, at *8 (N.D. Ill. Oct. 28, 2021) (finding that a complaint adequately alleged a section 15(b) violation by asserting that the plaintiff did not known [*sic*] of or consent to her employer's collection of her fingerprints *during a mandatory onboarding process*).

*Id.* at *3 (emphasis added).

*Naughton* thus held the plaintiff had sufficiently alleged a plausible Section 15(b) claim—including the presence of an "active step" regarding collection—based on two factors: (1) the data was collected for defendant's own benefit and use; and (2) providing biometric data was a mandatory requirement and condition of employment. Neither of those factors are present here.

Unlike *Naughton*—where the defendant collected biometric data for its own use as part of employee health screenings during the Covid-19 pandemic—here, even assuming biometric data is collected through the VTO Feature (it is not), any such collection would have been for the benefit of users like Plaintiff to facilitate their ability to virtually try-on cosmetic products without having to visit a physical store. *See id.* at *1, 3. Also unlike *Naughton*, there is no requirement imposed on visitors to the bareMinerals site that they must provide biometric data. Rather, as Plaintiff alleges, the VTO Feature was merely "offered" on the operative bareMinerals site. Compl. ¶ 17.

II.  **PLAINTIFF FAILS TO IDENTIFY ANY FACTUAL ALLEGATIONS PLAUSIBLY ESTABLISHING SHISEIDO VIOLATED SECTION 15(a) BY POSSESSING HIS BIOMETRIC DATA.**

Although "possession" is not defined in BIPA, courts have looked to its "popularly understood meaning" and interpreted the term as where an entity "exercised any form of control over the data or . . . held the data at [its] disposal." *Heard I*, 440 F. Supp. 3d at 968.

Here, Plaintiff does not plead any factual allegations—and is thus unable to point to any support in his *Response*—that Shiseido exercised control over his biometric data or otherwise held such data at its disposal. *See generally* Compl.; *Heard I*, 440 F. Supp. 3d at 968. This deficiency

6

flows naturally from the absence of any factual allegations indicating Shiseido ever collected, captured, or obtained Plaintiff's biometric data in the first place. *See* Mot. to Dismiss at 10-11. Logically, Shiseido could not have possessed Plaintiff's biometric data unless it first collected or obtained it. Because (as established above) the *Complaint* lacks any factual content to plausibly suggest collection by Shiseido, it is impossible for the Court to "draw the reasonable inference" Shiseido ever possessed or exercised dominion or control over that data, which is needed to state a plausible Section 15(a) violation. *Heard I*, 440 F. Supp. 3d at 968 (citing *Iqbal*, 556 U.S. at 678).

For this same reason, Plaintiff's contention that the Court can "readily infer" possession by Shiseido via the other allegations in Paragraphs 17 through 25 of his *Complaint*—which Plaintiff asserts are "only possible if Shiseido has control of consumer's [*sic*] biometric data," Resp. at 10—is circular and meritless. *See Twombly*, 550 U.S. at 555, 557 (complaint that merely tenders "naked assertion[s]" but that is devoid of "further factual enhancement" does not suffice).

### A. Plaintiff's Section 15(a) Claim Fails Based On *Jacobs* and *Heard I*.

Plaintiff argues "[a]llegations regarding whether Shiseido 'could freely access Plaintiff's data, or even how Shiseido allegedly received it' are unnecessary at this stage." Resp. at 11 (internal citations omitted). Plaintiff is wrong. The court's rulings in *Jacobs* and *Heard I* demonstrate the importance of allegations regarding biometric data access to Section 15(a) claims.

In *Jacobs*, the court dismissed the Section 15(a) claim with prejudice because plaintiff failed to provide any factual allegations to plausibly establish the defendant "exercised control" over his data and/or otherwise "held his data at its disposal." 2021 WL 3172967, at *3. In so doing, the court highlighted that, among other deficiencies, plaintiff had not alleged whether the defendant could freely access the data—or even how the defendant allegedly received it. *Id.*

7

Combined, *Jacobs* held the complaint failed to plead sufficient factual matter to allow the court to "draw the reasonable inference" that defendant was ever "in possession" of the plaintiff's data. *Id.*

Similarly, in *Heard I* the court dismissed a Section 15(a) claim against the manufacturer of a fingerprint scanner because the plaintiff failed to adequately plead possession, and instead, alleged only that the defendant stored his fingerprints after his employer required they be scanned. *Heard I*, 440 F. Supp. 3d at 968. The court explained "this allegation does not plead that the [defendant] exercised any form of control over the data or that it held the data at its disposal," nor did it say whether the defendant "could freely access the data or even how [it] received it." *Id.* Rather, the complaint "merely parrot[ed] the statutory language," and in only one paragraph did plaintiff do anything more when he claimed "at some time after the hospitals required [the plaintiff] to scan his fingerprint . . . [the defendant] 'subsequently stored [his] fingerprint data in their systems.'" *Id.*; *see also Bernal*, 2019 WL 5028609, at *1-2; *Namuwonge*, 418 F. Supp. 3d at 286.

The instant allegations regarding possession are even more scant than those in *Jacobs* and *Heard I*. This Court need not credit "rank speculation," but that is all the *Complaint* amounts to— especially as it relates to Shiseido's alleged "possession" of biometric data. *Heard I*, 440 F. Supp. 3d at 969 (citing *Taha v. Int'l Bd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020)).

Lastly, Plaintiff's reliance on *Heard II*—which Plaintiff asserts "reject[ed] as unpersuasive [the] argument that [a] complaint was insufficient because it did not allege 'that [defendant] could freely access biometric data, that [defendant] exercised any control over the data, or even how [defendant] received it"—is misplaced. Resp. at 11 (citing *Heard v. Becton, Dickson & Co.* ("*Heard II*"), 2021 WL 872963, at *4 (N.D. Ill. Mar. 9, 2021)). Rather, the court in *Heard II* observed that allegations regarding access to biometric data were not necessary there because the complaint contained enough allegations to suggest the defendant exercised some form of control

8

over users' biometric data, and was therefore in possession of such data. 2021 WL 872963, at *6. Conversely, the instant *Complaint* contains no similar allegations indicating any degree of control.

     **B.   Plaintiff Concedes Allegations Premised "Upon Information and Belief" Do Not Support His Section 15(a) Claim.**

Plaintiff concedes any allegations premised "upon information and belief" do nothing to further the plausibility of his Section 15(a)—or Section 15(b)—claim. Resp. at 11. Plaintiff's *Complaint* states that "[u]pon information and belief, Defendant also stored his facial geometry" after he used the VTO Feature. Compl. ¶ 33. But his *Response* undermines this allegation when it admits that "[w]hether Shiseido stored or otherwise retained Mr. Powell's facial geometry after he used the [VTO] tool ***is a separate question from whether Shiseido collected Mr. Powell's biometric data or possessed Mr. Powell's biometric data***." Resp. at 12 (emphasis added).

Aside from this conclusory allegation based solely on "information and belief," Plaintiff offers nothing further to support his contention Shiseido possessed or stored his biometric data. Ultimately, the *Complaint* contains **no** allegations of fact which, if true, suggest there is any basis to even suspect Shiseido possessed his (or others') biometric data. *Heard I*, 440 F. Supp. 3d at 969.

**III.   DISMISSAL WITH PREJUDICE IS THE APPROPRIATE REMEDY.**

As a last-ditch effort, Plaintiff argues if the Court finds his *Complaint* falls short of Rule 12(b)(6)—which it does—he should be afforded the opportunity to file an amended complaint. Resp. at 14-15. This Court should decline to entertain this desperate request for several reasons.

<u>First</u>, Plaintiff's *Response* dedicates fifteen pages to trying convince this Court he has stated a plausible BIPA claim. But all Plaintiff has achieved is to demonstrate how he cannot meet the applicable pleading standards. In a similar situation, *Jacobs* dismissed the plaintiff's ***original*** BIPA complaint ***with prejudice***—and without leave to further amend. 2021 WL 3172967, at *3.

Second, dismissal with prejudice is the appropriate remedy here based on Plaintiff and his counsel's carelessness in not conducting a reasonable factual inquiry into the circumstances of this case *before* filing suit. FED. R. CIV. P. 11(b). Plaintiff's inadequately pled Section 15(a) and (b) claims make clear no pre-filing investigation regarding Shiseido's purported collection and/or possession of his biometric data before the *Complaint* was filed. And his *Response* all but admits he lacks the factual basis to state a plausible BIPA violation against Shiseido to avoid dismissal.

Accordingly, the Court should decline Plaintiff's request for leave—which would only afford him the opportunity to restate the same insufficient legal conclusions in different terms.

## IV. CONCLUSION.

"The height of the pleading requirement is relative to the circumstances." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *Iqbal*, 556 U.S. at 663-64 ("determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense."). If a plaintiff's factual allegations are "just as consistent with lawful conduct" as they are "with wrongdoing," dismissal is appropriate. *Brooks*, 578 F.3d at 581.

Common sense dictates Plaintiff has failed to state a viable BIPA claim, as the *Complaint* lacks factual allegations to "plausibly" show Shiseido engaged in prohibited conduct. Plaintiff's *Response* only confirms this fact. Thus, this Court should dismiss the *Complaint*, with prejudice.

Respectfully submitted,

**DATED**: February 7, 2022

**BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

162539.00602/128144266v.1

David J. Oberly
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8711
Fax: (513) 362-8798
Email: david.oberly@blankrome.com

Amanda M. Noonan
444 W. Lake Street, Suite 1650
Chicago, IL 60606
Tel.: (312) 77602537
Fax: (312) 896-9181
Email: amanda.noonan@blankrome.com

*Attorneys for Defendant,*
*Shiseido Americas Corporation*

11

## CERTIFICATE OF SERVICE

I, Jeffrey N. Rosenthal, hereby certify that, on February 7, 2022, I electronically filed the foregoing *Reply Brief in Support of Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim* of Defendant Shiseido Americas Corporation with the Court via the ECF System, it is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

**BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal

*Attorney for Defendant,
Shiseido Americas Corp.*

162539.00602/128144266v.1