# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHERRY CRUZ, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 21-cv-3133 |
| M.A.C. COSMETICS, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is Defendant M.A.C. Cosmetics' Motion to Dismiss or Stay. See d/e 9. In relevant part, Defendant argues that if the Court does not dismiss Plaintiff's Complaint for failure to state a claim under the Illinois Biometric Privacy Act (BIPA), 740 ILCS 14/10 et seq., or for improper venue, this matter should be stayed pending the Illinois Supreme Court's resolution of two potentially dispositive questions of law. See d/e 9-1 at 13–14.

As Defendant rightly notes, open questions regarding the time of accrual of BIPA claims and the statute of limitations applicable

to such claims remain pending before the Seventh Circuit, the Illinois Supreme Court, and the Illinois Appellate Court, Third District.  See In re White Castle System, Inc., 7th Cir. No. 20-8029, certifying questions to the Illinois Supreme Court in Cothron v. White Castle System, Inc., Ill. No. 128004; Marion v. Ring Container Technologies, LLC, Ill. App. 3d No. 3-20-0184.

When addressing an open question of state law, federal courts must determine how a state's highest court would decide the issue.  See, e.g., Lexington Ins. Co. v. Rugg & Knopp, Inc., 165 F.3d 1087, 1090 (7th Cir. 1999).  "In the absence of guiding decisions by the state's highest court, [the Court] consult[s] and follow[s] the decisions of intermediate appellate courts unless there is a convincing reason to predict the state's highest court would disagree."  ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist., 672 F.3d 492, 498 (7th Cir. 2012).

The Court finds that final dispositions in Marion and White Castle will simplify the questions at issue here, streamline the trial, and reduce the burdens of litigation on the parties and on the Court without undue prejudice to the parties.  See Text Order dated November 5, 2021, Brandenberg v. Meridian Senior Living,

C.D. Ill. No. 20-3198; Mintun v. Kenco Logistics Servs. LLC, 2020 WL 1700328, at *1 (C.D. Ill. April 7, 2020).

Accordingly, Defendant's Motion to Dismiss or Stay, see d/e 9, is GRANTED IN PART and DENIED IN PART.  Pursuant to the Court's "broad discretion in deciding whether to stay proceedings," S.E.C. v. Glick, 2019 WL 78958, at *5 (N.D. Ill. Jan. 2, 2019), this matter is STAYED pending final dispositions in Marion and White Castle.  Defendant's motion to dismiss is DENIED with leave to refile once the stay is lifted.

**ENTERED:  JULY 25, 2022**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**